IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAPTAIN D'S, LLC, | ) |
| Petitioner, | ) ) ) ) ) ) |
| vs. | ) CASE NO. 3:13-0505 ) JUDGE CAMPBELL/KNOWLES ) ) |
| PAULA VISSING, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's "Motion to Amend Petition For Entry of Judgment on Arbitration Award." Docket No. 11. Petitioner has filed a Proposed Amended Petition. Docket No. 11-1. Respondent has filed a Response in Opposition to the Motion. Docket No. 13. With leave of Court (Docket No. 15), Petitioner has filed a Reply (Docket No. 16).

Captain D's began this civil action by filing a "Petition for Entry of Judgment on Arbitration Award." Docket No. 1. The Petition essentially alleged that Petitioner and Respondent had previously entered into a Separation Agreement; that a dispute had arisen regarding the Separation Agreement; that Respondent Vissing filed a Demand for Arbitration with the American Arbitration Association; that an Arbitration Hearing was held; and that the Arbitrator awarded $318,886.61 to Captain D's.[1] Docket No. 1.

---

[1] It should be noted that, in the proceedings before the Arbitrator, Vissing was the Petitioner and Captain D's was the Respondent. In the case at bar, however, Captain D's is the

Respondent filed an Answer to the Petition raising the affirmative defense that she was in the process of paying the arbitration award in full so that the entry of a judgment on the award was unnecessary. Docket No. 9, p. 1. She requested that the Petition for Entry of Judgment be dismissed. *Id*., p. 2.

Several weeks after Respondent filed her Answer, Petitioner filed the instant Motion. In the instant Motion, Petitioner seeks leave to amend the Petition to include a request for post-award, prejudgment interest and post-judgment interest. Docket No. 11, p. 1. Petitioner essentially argues that the Court has the discretion to make an award of such interest, that Rule 15 contains a "liberal amendment standard," and that Respondent will not be prejudiced by the amendment.

Respondent opposes the instant Motion arguing that Captain D's had requested such interest in its Answer, Affirmative Defenses, and Counterclaim in the underlying arbitration proceeding,[2] and that the Arbitrator "explicitly" denied such relief in the Award. Respondent argues that the Arbitrator stated in his Award, "[a]ll claims not expressly granted herein are hereby, denied." Docket No. 1-1, p. 11. The Award, however, did not grant interest. *Id.*

Respondent argues that Petitioner is essentially asking the Court to modify the Arbitrator's decision, which the Court should not do. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 429 F.3d 640, 643 (6th Cir. 2005) ("When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of

---

Petitioner and Vissing is the Respondent.

[2] Captain D's "Answer, Affirmative Defenses, and Counterclaim" is not part of the record in the instant civil action. Respondent Vissing, however, made this statement in her Response, and Captain D's did not dispute it in its Reply.

2

American jurisprudence.") (citation omitted). Respondent also argues that, under the Federal Arbitration Act, "there is a presumption that an arbitration award will be confirmed." Docket No. 13, p. 2 (*citing Krystal Co. v. Caldwell*, Case No. 1:11-cv-81, 2002 WL 876793 *2 (E.D. Tenn. 2012) (citations omitted).

Neither party has cited a controlling case that is precisely on point. It appears, however, that Captain D's did request "pre-award and post-award interest" before the Arbitrator. Docket No. 13, p. 2. The Arbitrator entered a 10-page award in which he dismissed Vissing's claim for breach of contract. Docket No. 1-1, p. 10. He further stated as follows:

> 2. On its counterclaims, [Captain D's] is awarded the sum of Three Hundred Eighteen Thousand, Eight Hundred Eighty-Six Dollars and Sixty-One Cents ($318,886.61) consisting of One Hundred Thirteen Thousand Eight Hundred Eighty-Six Dollars and Sixty-One Cents ($113,886.61) in damages representing the benefits wrongfully paid to Vissing; One Hundred Eighty Thousand Dollars ($180,000) in damages as a result of Vissing's violation of her fiduciary duty to Captain D's; and Twenty-Five Thousand Dollars ($25,000) in punitive damages.
>
> The administrative filing and case service fees of the American Arbitration Association totaling $3,850.00 shall be borne as follows: $850.00 by Paula Vissing, $3,000.00 by Captain D's. The other administrative fees of the American Arbitration Association totaling $3,375.00 shall be borne by Captain D's and the fees and expenses of the arbitrator totaling $7,750.00, shall be borne by Captain D's.

*Id.*

Immediately after the foregoing language, the Award states:

> This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

*Id.*, p. 11.

3

Thus, the Arbitrator specifically referred to "counterclaims" (which included Petitioner's claim for interest), when he stated that the Award was in full settlement of "all claims and counterclaims submitted to this Arbitration," and he denied all claims not expressly granted in the Award.

Captain D's focuses on the fact that the Award does not explicitly reject pre-award and post-award interest. Captain D's is technically correct that the *Award itself* does not specifically address interest. When read with Petitioner's Counterclaim, however, there is little question that such claims were rejected by the Arbitrator. As discussed above, the Arbitrator addressed in detail the damages he awarded to Captain D's. He also discussed the administrative filing and case service fees of the American Arbitration Association, again specifying them in detail. The Arbitrator assessed total fees in the amount of $14,975.00. Docket No. 1-1, p. 9. Captain D's was assessed $14,125.00 of this amount, while Vissing was assessed only $850.00. The Arbitrator made the fee assessments as he did despite the fact that he ruled against Vissing. Thus, it is understandable that the Arbitrator would have chosen not to award interest to Captain D's.

In view of the foregoing, the Court agrees that the Arbitrator made a decision not to award interest to Captain D's, and he plainly did not do so. Therefore, Petitioner's Motion to Amend its Petition to seek interest should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge